ROBERTSON, Presiding Justice,
for the Court:
Francis Henry Crawford was employed by the Mississippi State Hospital (MSH) at Whitfield as a forensic psychiatric aide in November, 1974. He was dismissed by MSH on September 23, 1977, for assaulting a registered nurse who was the only registered nurse working in the maximum security unit at that time. The nurse directed the unit in the absence of the psychiatrist, who was the overall director of the maximum security unit.
Crawford filed a separate suit in the Circuit Court of Scott County, his original pleading being styled “Petition for Certio-rari to Review and issue a Mandamus.” His prayer was that:
“[A] writ of certiorari be issued to the Mississippi Merit Counsel, commanding them to prepare a transcript of the record and evidence, and to forthwith transmit same to the Circuit Court herein; and upon a hearing hereon that a writ of mandamus shall issue to the Mississippi State Hospital at Whitfield, Mississippi, ordering them to reinstate petitioner with pay and all costs of this cause.”
Crawford charged that he was entitled to reinstatement because of rules and regulations adopted by the Mississippi Classification Commission pursuant to Mississippi Code Annotated section 25-9-41 (1978 Supp.). Crawford alleged that the Mississippi Merit Council had found that he “was dismissed without sufficient cause” and that the Council on April 13, 1978, had issued its directive that under Rule 14.7-d the Hospital was required to reinstate him and to pay him for all time lost because of his dismissal. Crawford further charged that MSH refused to reinstate him, the Hospital contending that the Merit Council “lacked authority to enter such order and such was merely a recommendation.”
Crawford’s petition was filed on June 8, 1978. On June 10th, the Circuit Court of Scott County ordered the issuance of a Writ of Certiorari to be served on the Mississippi Merit Council.
MSH moved for a change of venue to the Circuit Court of Rankin County, citing Mississippi Code Annotated section 11-41-3 (1972), which provides:
“The petition for mandamus shall be filed in the circuit court of the county in which the tribunal, corporation, board, officer, or person made defendant, or some one or more of them, shall reside or be found; ...”
MSH alleged that it was domiciled in Rankin County and its director was a resident of Rankin County. The trial court overruled this motion.
MSH then filed a general demurrer and an Answer. Its First Defense in its Answer was:
“This Court does not have jurisdiction of the parties nor of the subject matter of this action.”
In its Fourth Defense, MSH asserted that Crawford was fired for cause and not for a non-merit reason, as stated in Rule 14.7-d. Rule 14.7-d was then set forth as follows:
“If the Council finds that the action complained of was taken by the appointing authority for any political, religious, or ethnic reason, or for any non-merit reason, the employee shall be reinstated to his/her former position or a position of like status and pay, without loss of pay for the period of his/her dismissal, demotion, or suspension and without penalization.”
Rule 14.7-e was then quoted, as follows: “In all other cases, the findings and recommendations of the Council shall be submitted to the Appointing Authority for his/her consideration, who may, not later than thirty (30) days after receipt of such findings and recommendations, reinstate the employee with or without pay for the period of the dismissal, demotion or suspension, modify his/her original decisions of discharge, demotion, or suspension, or continue his/her original decision or penalization." [Emphasis added],
MSH then asserted that Rule 14.7-e applies and that the Merit Council’s recommendation was advisory only and not mandatory.
*299 MSH supported its General Demurrer with the affidavit of Herbert S. Hoff, Supervisor of the Mississippi Merit Council, which stated:
“These findings and recommendations were submitted to the Mississippi State Hospital for its consideration in accordance with Section 14.7(e) of the Rules and Regulations of the Mississippi Merit Council .
“The Merit Council findings in Mr. Crawford’s case are distinguished from findings under Section 14.7(d) which involves nonmerit dismissal including ethnic, religious, or political reasons. In such cases the Council’s findings would be binding on the Appointing Authority.”
In spite of the fact that the Mississippi Merit Council, through its Supervisor Hoff, stated under oath that its recommendation was merely advisory and not mandatory, that Rule 14.7-e applied and not Rule 14.7-d, the trial court found that the recommendation of the Merit Council was mandatory, rather than advisory. The court then proceeded to find that Crawford was discharged without cause, that the findings and recommendations of the Merit Council were mandatory and binding on MSH, the appointing authority, and the court then ordered the issuance of a writ of mandamus. The writ was issued to James C. Stubbs, Director of MSH, directing him to immediately reinstate Crawford and to pay him $5,643 back pay.
MSH then appealed to this Court. MSH assigns as error that the lower court:
I. Erroneously overruled the Appellant’s Motion for a Change of Venue wherein the proper venue in an action seeking a Writ of Mandamus is the County of the residence of the defendant as directed by Section 11-41-3, Mississippi Code Annotated, 1972.
II. Erroneously ordered a Writ of Mandamus to be issued to the director of the Mississippi State Hospital. Where an act is discretionary in nature, mandamus may issue only to compel the exercise of discretion, but cannot dictate the specific act to be done.
When the Mississippi Classification Commission was set up in 1970, pursuant to the authority granted in Chapter 394, General Laws of 1970 [Mississippi Code Annotated sections 25-9-1 through 25-9-39 (1972)], its principal and primary duties had to do with the establishment of a uniform method of examination for applicants for appointment to positions with the state government and its agencies. Section 25-9-5 provides in part:
“The provisions of this chapter shall apply to all personnel of state agencies, and no appointments shall be made in the classified service except in conformity with this chapter and such regulations as the commission may adopt.” [Emphasis added].
A later section (25-9-19) then provides in part:
“[A] certification shall be made to the appointing authority that the applicant is eligible for appointment to the position for which he is applying. The appointing authority shall be the sole judge as to which individuals so certified are employed.” [Emphasis added],
A still later section (25-9-37) provides:
“It shall be unlawful to employ anyone in the classified service except in accordance with the provisions of this chapter. The authority to dismiss individuals in the classified service shall remain in the same authority as heretofore provided by law.” [Emphasis added].
It is crystal clear from the language used in these sections of the law setting up the Mississippi Classification Commission that the appointing authority is the sole judge of who it will employ and who it will dismiss. The Mississippi Merit System Council was not established until 1976 when Section 1, Chapter 377, General Laws of 1976, was enacted [Mississippi Code Annotated section 25-9-41 (1978 Supp.)]. Section 25-9-41 contains this closing paragraph:
*300 “The Mississippi Classification Commission shall delegate to the council such authority as required to implement federal statutory and regulatory provisions.”
The Mississippi Merit System Council is a subordinate division of the Mississippi Classification Commission. (Chapter 377, General Laws of 1976).
This general law does not repeal Section 25-9-37, either expressly or by implication. Section 25-9-37, which provides:
“The authority to dismiss individuals in the classified service shall remain in the same authority as heretofore provided by law,”
is still in full force and effect.
Surely if the Mississippi Classification Commission, the parent of the Mississippi Merit System Council, does not have authority to. dismiss individuals, then its progeny, the Mississippi Merit System Council, does not have that authority.
The Circuit Court of Scott County did not have jurisdiction of the parties nor the subject matter, nor did it have venue jurisdiction of the parties. The circuit court was first in error when it overruled the motion of MSH for change of venue to Rankin County (Section 11-41-3). The trial court was next in error when-it granted Crawford’s Petition for Writ of Certiorari and for Writ of Mandamus. The Mississippi Merit System Council’s findings and recommendations being advisory only, the trial court should have dismissed the petition for writ of certiorari and also the petition for writ of mandamus because it had neither jurisdiction nor venue.
The judgment of the lower court is, therefore, reversed and judgment rendered here for the. appellant, Mississippi State Hospital, dismissing Appellee’s Petition for Writ of Certiorari and for Writ of Mandamus.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, and COFER, JJ., concur.
BOWLING, J., took no part.